UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CONSTANCE M. TAYLOR, *et al.* | CIVIL ACTION 1:17-CV-01621 |
| VERSUS | JUDGE DRELL |
| JOHN M. DEAN, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Christopher George Wiley ("Wiley") filed a civil rights complaint pursuant to 42 U.S.C., § 1983, asking for a "protective order" for himself, his sister (Constance M. Taylor ("Taylor")), and his family from a government "conspiracy by vaccine in heart" (Doc. 1). Wiley contends the government has conspired to give vaccines in the heart. The named defendants are C.E.O. John M. Dean, Doctor Hyon Su Dim, and "Retirement, Survivors, and Disability Insurance." Wiley is currently hospitalized in the Northlake Behavioral Health System pursuant to a judicial commitment order (Doc. 4).

On December 15, 2017, Wiley was sent a Notice of Deficiency by the Court for failure to either pay the filing fee or submit a completed Application for Leave to Proceed *in Forma Pauperis* within ten days (Doc. 8). Wiley responded with one exhibit – a letter concerning his conspiracy theory (Doc. 10), an order granting him court-appointed counsel in a Louisiana state civil case on January 30, 2008 (Doc. 11), and what appears to be a request for unspecified records (Doc. 12). It is also noted that, in his complaint, Wiley stated he does not have any money (Doc. 1).

Wiley has failed to either pay the filing fee or submit an application to proceed *in forma pauperis*, as instructed by the Court. Accordingly, Wiley's complaint should be dismissed *sua sponte* pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as interpreted by the Court and under the Court's inherent power to control its own docket. <u>Link v. Wabash Railroad Company</u>, 370 U.S. 626, 630-33 (1962); <u>Rogers v. Kroger Company</u>, 669 F.2d 317, 319-20 (5th Cir. 1983). Wiley may petition the Court to reopen his case upon a showing of good cause, accompanied by a completed application to proceed *in forma pauperis*.

<u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that Taylor's (Wiley's) action be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ.

P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this __8th__ day of June, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge